793 F.2d 1293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TECHNICAL MANAGEMENT ASSOCIATES, INC., FIDELITY & DEPOSIT
COMPANY OF MARYLAND, Plaintiffs-Appellants, Cross-Appellees,
v.
SECO ELECTRIC COMPANY; EDWARD SHOWALTER; GEORGE BANNING;
VICTOR STEINFELS; DOUGLAS REARDON; JAMES CRAMER, Defendants,
BRUCE HADDEN AND JAMES HADLEY, Defendants-Appellees, Cross-Appellants.
 84-3948, 84-3980
 United States Court of Appeals, Sixth Circuit.
 5/15/86
 
 AFFIRMED
 S.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 BEFORE: KEITH and MARTIN, Circuit Judges; and WEICK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiffs Technical Management Associates, Inc. (TMA) and Fidelity and Deposit Company of Maryland (F & D), appeal the district court order denying their motion to hold defendants Bruce Hadden and James Hadley in civil contempt. Plaintiffs alleged that defendants SECO Electric Company (SECO), its principals, its Chief Financial Officer and their attorneys, Hadden and Hadley, failed to comply with the provisions of the district court's temporary restraining order. After an evidentiary hearing, the district court denied plaintiffs' motion. Plaintiffs appeal that part of the district court decision relating to attorneys Hadley and Hadden, the non-party defendants. Defendants cross-appeal on the ground that plaintiffs' motion should have been dismissed. We affirm the district court decision because the district court did not abuse its discretion in denying the plaintiffs' motion to hold defendants in civil contempt.
 
 I.
 
 2
 On July 23, 1984, plaintiffs filed a complaint against SECO, its principals Edward Showalter, George Banning, Victor Steinfels, and Douglas Reardon, as well as its Chief Financial Officer, James Cramer, alleging the breach of certain electrical and construction joint venture agreements between TMA and SECO; a breach of an indemnification agreement by SECO's principals; misrepresentation and conversion. The district court issued a Temporary Restraining Order enjoining defendants from the following:
 
 
 3
 It is, therefore, ORDERED, ADJUDGED and DECREED that Defendants, each and all of them, their officers, agents and members of all other persons associated with or acting in concert with them are hereby restrained and enjoined as follows:
 
 
 4
 * * *
 
 
 5
 * * *
 
 
 6
 2. From converting any payments to or funds of any joint venture undertaken by Plaintiff TMA and Defendant SECO to Defendants' own uses or possession.
 
 
 7
 3. Defendants shall cause a stop payment order to be issued on any checks or other withdraws made as a result of the receipt of any payments made on any joint venture projects, specifically any payment received during the week of July 16, 1984, on the Arps Hall project.
 
 
 8
 4. Defendants shall cause any funds received from the proceeds of any joint venture project to be deposited with the clerk of this court . . ..
 
 
 9
 On July 19, 1984, defendant SECO received a check from the State of Ohio in the amount of $92,376.61 which related to a joint venture project at Ohio State University called the Arps Hall project. The check was deposited by defendant James Cramer in SECO's account at the Huntington National Bank ('Huntington Bank'). The check was drawn on SECO's account with Huntington Bank. On July 20, 1984, SECO issued a check to its account with Bank One of Columbus ('Bank One') in the amount of $92,376.61. Also on July 20, 1984, defendant attorney Hadley informed Bank One of the deposit SECO made to its Bank One account. Hadley also told Bank One that SECO had a loan from Bank One which was overdue. Defendant Hadley made these statements for the purpose of causing Bank One to exercise its right to use the funds in SECO's account as a set off against the overdue loan.
 
 
 10
 Bank One mailed notification of the set off to SECO on July 23, 1984. In the morning of July 24, 1984, Bank One attempted to exercise its right of set off. Later, at a meeting held with the district court, defendant attorney Hadden stated that the defendants could not comply with that part of the restraining order which related to the Arps Hall project funds because the funds had been used by Bank One as a set off.
 
 
 11
 On July 26, 1984, Bank One received notice from the Huntington Bank that SECO's check for $92,376.61 had been dishonored because there were uncollected funds in SECO's account. Before 10:00 a.m. of the same day, Bank One notified attorney Hadley that the attempted set off had been ineffective and therefore asked Hadley to issue another check or make a wire transfer. Hadley informed Bank One that SECO could not issue another check on its account with the Huntington Bank because of the restraining order issued by the district court. Between 11:30 a.m. and 12:30 p.m., attorney Hadden also advised Bank One that because of the restraining order, a new check could not be issued. At 5:30 p.m., Hadden was informed by Bank One that it had filed a cognovit judgment against SECO and that it had placed a levy on SECO's account with the Huntington Bank.
 
 
 12
 On July 27, 1984, Bank One explained to Hadden that a hearing with respect to the cognovit judgment would be held on August 8, 1984, to determine if the funds on deposit in SECO's Huntington account had been properly attached. Hadden informed Bank One that SECO had no defense to Bank One's attachment of its funds and, therefore, that SECO would not appear at the August 8th hearing. On July 30, 1984, the money was transferred from the Huntington Bank to Bank One and applied to SECO's loan.[1] The funds were never paid to the clerk of the district court.
 
 
 13
 Plaintiffs argued in the district court that defendants were in contempt of the TRO because defendants 1) failed to withdraw funds after receiving notice of the failed set off and 2) failed to stop payment on the check drawn on Huntington Bank. The district court denied plaintiffs' motion and held that the defendants did not violate the TRO because they acted reasonably under the circumstances. This appeal followed.
 
 II.
 
 14
 Plaintiffs argue that the district court abused its discretion in denying plaintiffs' motion for contempt. We disagree.[2] In this circuit, 'when judicial action is taken in a discretionary matter, such action cannot be set aside by a reviewing court unless it has a definite and firm conviction that the court below has committed a clear error of judgment in the conclusion it reached upon the weighing of the relevant factors.' Taylor v. United States Parole Commission, 734 F.2d 1152, 1155 (6th Cir. 1984).
 
 
 15
 The grant of a civil injunction is a matter of discretion. Where the injunction is one that required defendants to do affirmative acts, defendants must have reasonable knowledge, opportunity, time and ability to comply with the Order before they can be found in contempt. Telling v. Bellows-Claude Neon Co., 77 F.2d 584 (6th Cir. 1936); see also, Reed III v. Rhodes, 635 F.2d 556 (6th Cir. 1980). After a full evidentiary hearing, the district court noted that the critical time frame was the four hours between the time attorneys Hadley and Hadden learned on July 26, 1984, of the failure of Bank One's attempted set off, and the time Bank One secured its cognovit judgment. The district court found that it was not reasonable under the circumstances to expect defendants to take affirmative action.[3] Since the defendants' failure to withdraw funds after receiving notice of the failed set off in the present case was not a violation of the TRO, we have no 'definite and firm conviction that the court below committed a clear error in judgment'. Thus, the district court's denial of plaintiffs' motion for contempt was not an abuse of discretion.[4]
 
 
 16
 Accordingly, we affirm the decision of the district court.
 
 
 
 [1]
 The Huntington Bank was never requested to stop payment with respect to any funds transferred, or attempted to be transferred, from its SECO account to SECO's account at Bank One or to Bank One
 
 
 [2]
 We find no merit in defendants' motion to dismiss based on jurisdictional grounds
 
 
 [3]
 The district court stated '[d]uring the four-hour window period, defendants did not even have time to discuss and plan what steps they should take to comply with the restraining order. This court did not contemplate by entering its restraining order, the placement of such an arduous task upon the defendants . . .. These defendants were simply not given a reasonable period in which to act.'
 
 
 [4]
 Since we have found for defendants in this appeal, we do not feel it is necessary to discuss their issues on cross appeal